UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MIRIAM C. MATUS-ABURTO,<br>Petitioner,<br>v.<br>JAMES JANECKA, et al.,<br>Respondents. | Case No 5:26-cv-04352 ADS<br><br>ORDER REQUIRING RESPONSE AND LODGING OF RECORDS |

In order to facilitate the just, speedy, and inexpensive determination of this action, IT IS ORDERED that:

1. The parties shall comply with the briefing schedule set by the General Order 26-05. The briefing schedule is calculated from the date the Clerk's Office issued the Notice of General Order 26-05 and Briefing Schedule in this case. If the parties seek to accelerate or alter the briefing schedule set by General Order 26-05, the parties shall

promptly meet and confer and file a stipulation or joint statement setting forth the parties' competing proposals for a briefing schedule.

2. Under General Order 26-05, applications for temporary restraining orders are reserved for cases where the petitioner alleges imminent, irreparable harm that cannot be addressed by the standard scheduling order or by expediting the briefing schedule. If the petitioner believes that an application for a temporary restraining order is appropriate, the application must be filed as a separate document from the petition, and must comply with Federal Rule of Civil Procedure 65 and Local Civil Rules 65-1 and 7-19. The filing of an application for a temporary restraining order does not alter or suspend the parties' obligations under the standard schedule for briefing the petition for final disposition.

3. The parties are ordered to file all documents necessary to the determination of the grounds asserted in the Petition. The parties shall consider whether the following documents are necessary:

a. The charging document initiating removal proceedings against Petitioner (i.e., notice to appear);
b. Order on Petitioner's prior release (i.e., parole record, order of release on recognizance, order of supervised release, etc.);
c. Notice given prior to or at the time of Petitioner's current detention (i.e., arrest warrant, notice of revocation of supervised release, etc.);
d. Order on custody redetermination entered by an immigration judge during the course of Petitioner's current detention; and
e. Petitioner's criminal history, if any.

4. All records provided to the Court should be properly authenticated by a declaration of a person competent to attest to their contents.

5. A request by a party for an extension of time will be granted only upon a showing of good cause and should be made in advance of the deadline. Any such request shall be accompanied by a declaration explaining why an extension of time is necessary and by a proposed form of order granting the requested extension.

Dated: 8/4/2026

/s/ Autumn D. Spaeth
THE HONORABLE AUTUMN D. SPAETH
United States Magistrate Judge